# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 18-371-GW(AGRx) | Date | March 1, 2018 |
|---|---|---|---|
| Title | *Susan Dominguez v. County of Los Angeles* | | |

Present: The Honorable GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Katie Thibodeaux | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Cuan-Chen K. Liao                             Ashley S. Feder
                                                           Devin Weisberg

**PROCEEDINGS:** **DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [8];**

**PLAINTIFF'S MOTION FOR REMAND TO STATE COURT [11]**

Court hears oral argument. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. Plaintiff's Motion to Remand is denied; Defendants' Motion to Dismiss is granted with leave to amend. Plaintiff will have until March 22, 2018 to file a Second Amended Complaint.

The scheduling conference set for March 8, 2018, is continued to April 5, 2018 at 8:30 a.m.

                                                                                                          : 05

                                                              Initials of Preparer   JG

<u>Susan Dominguez v. LA Cty. Sheriff's Dept., et al.</u>; Case No. 2:18-cv-371-GW-(AGRx)
Tentative Rulings on: (1) County Defendants' Motion to Dismiss and (2) Plaintiff's Motion to Remand

## I. Background

Plaintiff Susan Dominguez brings this action against Defendants: 1) Los Angeles County Sheriff's Department ("LASD"); 2) Jim McDonnell, the Los Angeles County Sheriff; 3) Hank Ortega, an LASD Deputy Sheriff; 4) Curtis Jensen, an LASD Deputy Sheriff; 5) Jeremy Licona, an LASD Deputy Sheriff; 6) the Los Angeles Office of the County Counsel ("OCC"); 7) Mary Wickham,[1] the Los Angeles County Counsel; and 8) Daniel Ybarra.[2] *See generally* First Amended Complaint ("FAC"), Docket No. 1 at 12-26 of 66. Plaintiff brings five causes of action: 1) negligent hiring, training, supervision, retention, and entrustment against LASD, McDonnell, Ortega, and Jensen; 2) "violation of right to due process of law" against LASD, McDonnell, Ortega, Licona, and Jensen; 3) "failure to intervene to prevent civil rights violations" against LASD, McDonnell, Ortega, Jenson, OCC, and Wickham; 4) "conspiracy to violate Plaintiff's right to due process" against Ybarra and Licona; and 5) battery against Ybarra. *See generally id.*

Plaintiff pleads the following relevant facts:

For two years, Plaintiff had rented a room from Ybarra, with whom she also "maintained a relationship in cohabitation." *Id.* ¶ 17. On or about January 1, 2017, Plaintiff was physically assaulted by Ybarra, causing her physical injury. *Id.* ¶ 18. After the assault, Ybarra left the residence and shortly thereafter "a man whom Plaintiff did not know handed Plaintiff eviction papers." *Id.* LASD Deputy Sheriffs, including Licona, then came to the residence. *Id.* ¶ 19. Licona had been to the residence on at least three prior occasions because "Ybarra had been intoxicated and belligerent." *Id.* ¶ 27. On the last of these visits, Licona told Plaintiff that he did not want to come to the residence again and that Plaintiff should leave. *Id.*

At or near the time the Deputy Sheriffs arrived on January 1, 2017, Ybarra returned to the residence. *Id.* ¶ 19. Ybarra was placed in the back of a police vehicle and Plaintiff was told that he would be arrested. *Id.* ¶ 20. Plaintiff was offered medical care but refused and left the residence. *Id.* Plaintiff returned the following day to discover that the locks had been changed.

---

[1] Plaintiff wrongly sues "Mark Wickham."

[2] Plaintiff also sues a number of Doe Defendants, which the Court ignores for purposes of its analysis here.

1

*Id.* ¶ 21. Plaintiff contacted the LASD and was told that it would take no action because Ybarra was not home. *Id.* Instead, Plaintiff was instructed to return the following day. *Id.* Plaintiff returned the following day and Ybarra, now present at the residence, threatened her with a metal pipe. *Id.* ¶ 22. LASD Deputy Sheriffs, including Licona, came to the residence and ordered Plaintiff to leave and stay away or she would be arrested. *Id.* ¶ 23. Plaintiff told the LASD Deputy Sheriffs that she needed to retrieve medications from the residence. *Id.* ¶ 24. She was given five minutes to do so but when she entered the residence she was unable to find the medications because all of her belongings had been "packed into plastic bags." *Id.* At that point Licona issued an emergency protective order to Plaintiff. *Id.* ¶ 25. "Plaintiff did not see any signature of a judicial officer on the Protective Order." *Id.* Plaintiff "pointed this out" and asked Licona "why she was being prevented from entering her residence when there was no eviction order." *Id.* Licona instructed Plaintiff to leave or he would arrest her. *Id.*

The following day Plaintiff complained to an unnamed LASD Watch Commander. *Id.* ¶ 26. In response, Licona told Plaintiff "I am sorry about this but at the end of the day I need to put food on my table." *Id.* Plaintiff complained about Licona again to Jensen and Ortega on January 8, 2017. *Id.* ¶ 31. Plaintiff was informed that "her action was found to be justified" and that LASD Deputy Sheriffs would be disciplined. *Id.* Plaintiff was later informed, however, that the LASD Deputy Sheriffs would not be disciplined because they had done nothing wrong. *Id.* ¶ 32.

LASD, Licona, and Wickham were served with this lawsuit on December 14, 2017. *See* Notice of Removal, Docket No. 1, ¶¶ 2-4. On January 16, 2017,[3] those three defendants, joined by all other defendants, removed to this Court, invoking its federal question jurisdiction. *See generally id.* After removal, LASD, McDonnell, Ortega, Jensen, Licona, OCC, and Wickham (collectively, "County Defendants") moved to dismiss the first four causes of action, arguing that Plaintiff's FAC fails to state claims upon which relief may be granted. *See generally* Motion to Dismiss ("MTD"), Docket No. 8. Plaintiff moved to remand the matter back to state court, arguing that the FAC fails to raise a substantial federal question. *See* Motion to Remand ("MTR"), Docket No. 11. Because the Court would only consider the merits of the MTD if it has jurisdiction over the case, the Court will first consider Plaintiff's MTR.

---

[3] 30 days from the date of service was Saturday, January 13, 2018. The following Monday, January 15, 2018 was a legal holiday. Accordingly, Defendants' removal on January 16, 2018 – 33 calendar days after service – was timely made. *See* Fed. R. Civ. P. 6(a)(1)(C).

2

## II. Legal Standards

### A. Motion to Remand

"Federal courts are courts of limited jurisdiction," and have subject matter jurisdiction only to the extent "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136-137 (1992); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799); *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)).

28 U.S.C. § 1441 permits defendants to remove certain civil actions brought in a state court to federal district courts. The removal statute is strictly construed against removal jurisdiction, however, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "Generally, [a] defendant has the right to invoke federal removal jurisdiction if the case *could* have been filed originally in federal court (i.e. on diversity or federal question grounds)." O'Connell & Stevenson, *Federal Civil Procedure Before Trial* ("*Federal Practice Guide*") § 2:2192 (Rutter Grp. 2016) (emphasis in original); *see also Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977). Federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether or not an action arises under the Constitution, laws, or treaties of the United States "must be determined from what necessarily appears in the plaintiff's statement of his own claim." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002); *see also, Taylor v. Anderson*, 234 U.S. 74, 75 (1914).

### B. Motion to Dismiss

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed for failure to state a claim for one of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521

3

F.3d 1097, 1104 (9th Cir. 2008) ("Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.").

In deciding a Rule 12(b)(6) motion, a court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). The court must construe the complaint in the light most favorable to the plaintiff, accept all allegations of material fact as true, and draw all reasonable inferences from well-pleaded factual allegations. *Gompper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001); *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court is not required to accept as true legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where a plaintiff facing a Rule 12(b)(6) motion has pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the motion should be denied. *Id.*; *see also Sylvia Landfield Trust v. City of Los Angeles*, 729 F.3d 1189, 1191 (9th Cir. 2013). But if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] . . . the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (citations omitted).

### III. Discussion

#### A. Motion to Remand

Plaintiff argues that the County Defendants are of "the mistaken belief that Plaintiff's allegations of violation of her Fourteenth Amendment rights as alleged in Plaintiff's FAC create substantial federal issues arising under federal law." MTR at 3. Plaintiff's second cause of action, alleging a violation of her right to due process, "is brought pursuant to the Fourteenth Amendment of the U.S. Constitution, Article I, Section 7 of the California Constitution, and the laws of the State of California." FAC ¶ 43. Plaintiff's third cause of action, alleging a failure to intervene to prevent a civil rights violation, "is brought pursuant to the Fourteenth Amendment of the U.S. Constitution, Article I, Section 7 of the California Constitution, and the laws of the State of California." *Id.* ¶ 53. Plaintiff's fourth cause of action alleges a conspiracy "for the purpose of depriving Plaintiff of due process of law guaranteed by the Constitution of the United States of America, Article I, Section 7 of the California Constitution, and the laws of the State of

California." *Id.* ¶ 64.

The Court would reject Plaintiff's argument that the FAC does not raise a substantial federal question as it explicitly alleges three causes of action for violations of her right to due process guaranteed by the United States Constitution. "Generally, [a] defendant has the right to invoke federal removal jurisdiction if the case could have been filed originally in federal court (i.e. on diversity or federal question grounds)." *Federal Practice Guide* § 2:2192. The FAC, alleging causes of action arising under the Constitution of the United States obviously brings to mind 42 U.S.C. § 1983 and as such could have been brought in federal court.[4] Plaintiff's argument that the FAC additionally alleges causes of action relating to violations of the California Constitution and unspecified "laws of the State of California" is of no consequence here to the Court's determination of its federal question jurisdiction as those causes of action all arise from the same common nucleus of operative facts. *See* Reply in Supp. of MTR, Docket No. 17, at 2 ("That the Fourteenth Amendment to the U.S. Constitution provides Plaintiff with an additional pillar on which to build her case against the Defendants, does not transform her case into a federal one."). To the extent that Plaintiff suggests that she need not have invoked federal law and *could have* relied exclusively on state law causes of action, the Court will note only that if true she failed to do so and squandered the opportunity to avoid federal jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.").

Based on the foregoing, the Court would deny Plaintiff's Motion to Remand.[5]

B.  Motion to Dismiss

   1. *Negligent Hiring, Training, Supervision, Retention, and Entrustment*

---

[4] County Defendants treat Plaintiff's Fourteenth Amendment claims as brought pursuant to 42 U.S.C. § 1983. *See* MTD at 4 ("Plaintiff brings a 42 U.S.C. § 1983 claim for violation of her due process right under the Fourteenth Amendment, and a parallel due process claim under Article I, Section 7 of the California Constitution."); *see also* Opp'n to MTR at 5. The FAC never specifically mentions 42 U.S.C. § 1983, however. The Court is aware of one district court that remanded a case in which a Plaintiff bypassed 42 U.S.C. § 1983 to allege violations of the United States and California Constitutions using California's Bane Act, Cal. Civ. Code § 52.1. *See Rodriguez v. City of Fresno*, Case No. 1:16-cv-268-LJO-SAB, 2016 WL 1138188, at *3 (E.D. Cal. Mar. 23, 2016). The FAC also never specifically mentions the Bane Act, however, so in that regard *Rodriguez* is distinguishable. Furthermore, Plaintiff does not reject County Defendants' characterization of her claims as brought pursuant to 42 U.S.C. § 1983 in either her MTR or Opp'n to MTD, leading the Court to conclude that for the purposes of the MTR, the Court should treat Plaintiff's FAC as an attempt to allege causes of action under 42 U.S.C. § 1983, notwithstanding Plaintiff's failure to invoke the statute directly by name.

[5] Because the Court denies Plaintiff's MTR, the Court will not consider her request for attorney's fees and costs. *See* MTR at 5.

On information and belief, Plaintiff alleges that LASD, McDonnell, Ortega, and Jensen:

> were negligent in the hiring, retention, supervision, and training of its employees including defendant Licona, in that Defendants LASD, McDonnell, Ortega, [and] Jensen . . . failed to provide adequate training to their employees, including defendant Lincona, and knew or should have known that their employees, including defendant Lincona, was not fit for the specific tasks to be performed during the course of his employment, namely the careful, reasonable, prudent, safe, and lawful manner in which to discharge his duties. This included the proper investigation of claims of physical abuse, and the lawful means to evict a tenant from a property.

FAC ¶ 39. County Defendants describe Plaintiff's allegation as "a formulaic recitation of the elements of a negligent hiring, training, supervision, and retention claim." MTD at 3. Plaintiff responds that the cause of action is not merely a recitation of conclusory allegations because Plaintiff incorporated the facts described in the FAC into the first cause of action. *See* Opposition to MTD ("Opp'n to MTD"), Docket No. 15, at 3. Plaintiff directs the Court to paragraphs 17-32 of the FAC, but none of those paragraphs make any mention whatsoever of Licona's hiring, training, supervision, or retention. Rather, to the extent that LASD, McDonnell, Ortega, and Jensen are implicated at all, Plaintiff asserts that they did not adequately respond to her complaints about Licona *after* he allegedly evicted her in violation of law. *See also id.* at 4 ("after Plaintiff notified the Sheriff's Norwalk station and complained to Licona's superiors of Licona's actions, the Los Angeles Sheriff's Department did not restore Plaintiff to her home. No one from the Sheriff's Department called Plaintiff to let her know that she could go back to her home, or that she would not be arrested if she did, or otherwise attempt to rectify the wrong perpetrated by Licona."). To state a cause of action for negligent hiring, supervision, retention, or entrustment, a plaintiff must allege facts to show that defendants were on notice that the employee was likely to cause harm before the harm occurs. *See Phillips v. TLC Plumbing, Inc.* 172 Cal. App. 4th 1133, 1139-40 (2009). As such, Plaintiff's causes of action cannot be supported by information brought to the County Defendants' attention by Plaintiff *after* Licona allegedly harmed her. Plaintiff has thus failed to plead sufficient facts to support the first cause of action in as much as it alleges negligent hiring, supervision, retention, or entrustment.

With regard to Plaintiff's claim for negligent training, Plaintiff argues that "Licona should have been trained on the proper discharge of his functions, including when and how to enforce unlawful detainer orders. That Licona performed an eviction without following the

6

proper procedure as prescribed by California law would support a reasonable inference that he was not properly trained. In turn, this supports the reasonable inference that Licona's superiors may have been negligent in adequately training and/or supervising Licona." Opp'n to MTD at 3-4. At best, Plaintiff's allegations would permit the Court to infer no more than the mere possibility of misconduct. Accordingly, the FAC "has alleged – but it has not show[n] . . . the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679. On that basis the Court would dismiss the first cause of action for negligent training. Because the Court would dismiss the first cause of action based on Plaintiff's failure to allege sufficient facts, the Court would permit leave to amend. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

### 2. *Violation of Plaintiff's Right to Due Process*

As a threshold matter, Plaintiff alleges in this cause of action that LASD, McDonnell, Ortega, and Jensen "are vicariously liable for the act of defendant Licona committed during the course and scope of his employment." FAC ¶ 46. With regard to Plaintiff's Fourteen Amendment allegations, supervisors may not be held vicariously liable for constitutional violations committed by subordinates. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978). To the extent that Plaintiff's Fourteen Amendment allegations against County Defendants are premised on such a theory, Plaintiff's claim is dismissed without leave to amend as it fails as a matter of law.[6]

Additionally, the Court notes that Plaintiff seeks only money damages in this suit. *See* FAC, Docket No. 1 at 25-26 of 66. The California Supreme Court has found that Article I, Section 7 of the California Constitution does not provide an action for damages. *See Katzberg v. Regents of University of California*, 29 Cal. 4th 300, 317 (2002); *see also Roy v. Cty. of Los Angeles*, 114 F. Supp. 3d 1030, 1041 (C.D. Cal. 2015) (relying on *Katzberg* to dismiss plaintiffs' Article I, Section 7 claim for damages for alleged violations of due process rights). *Katzberg* is controlling and dispositive of Plaintiff's claims to the extent Plaintiff seeks damages for violations of her due process rights under the California Constitution.[7] As such, those claims are

---

[6] Plaintiff additionally alleges that "Licona . . . as [a] supervisor[] and employer[] of defendant Licona [is] vicariously liable for the acts of defendant Licona." FAC ¶ 46. Obviously, Licona may not be held vicariously liable for his own acts. As such, that claim is similarly dismissed without leave to amend.

[7] Plaintiff argues in conclusory fashion in the context of the Motion to Remand that *Katzberg* does not foreclose all actions for damages under the California Constitution. *See* Reply in Supp. of MTR, Docket No. 17, at 2 ("Because

7

dismissed without leave to amend as Plaintiff has failed to state a cognizable legal theory for damages.[8] *See Twombly*, 550 U.S. at 555.

Having dispatched with Plaintiff's claims for vicarious liability and money damages pursuant to Article I, Section 7 of the California Constitution, the Court would turn to Plaintiff's claim that Licona violated her Fourteenth Amendment right to due process. With regard to this claim, County Defendants contend that it fails as a matter of law because the Supreme Court has found that the Fourteenth Amendment is not offended by an alleged deprivation of property where the state has provided a meaningful postdeprivation remedy. *See* MTD at 4 (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.")). In further support of this argument, County Defendants direct the Court to *Barnett v. Centoni*, where the Ninth Circuit found that Cal. Gov't Code §§ 810-95 provides an adequate postdeprivation remedy and thus a prisoner could not state a claim for deprivation of property without due process. 31 F.3d 813, 816-17 (9th Cir. 1994). Plaintiff responds that those cases are inapplicable because the thrust of her claim is that Licona acted in such a way as to prevent her from exercising her predeprivation rights under California's unlawful detainer statutes. *See* Opp'n to MTD at 5 ("Landlords wanting to evict tenants have to adhere strictly to the statutes that provide for notice, etc. Licona had to let the process run its course before he forcefully removed Plaintiff from her home."). While *very* unartfully stated, Plaintiff's second cause of action alleges that Licona abused his position as a Los Angeles County Deputy Sheriff to effectuate an extrajudicial eviction of Plaintiff from her home because of animus towards her stemming from the fact that he repeatedly was called to the home to respond to allegations of domestic violence. For the reasons set forth below, the Court would find that the facts pleaded

---

this is a motion to remand, engaging in the *Katzberg* analysis in this matter is unnecessary. Plaintiff, however, is not foreclosed from making a claim for damages under the California Constitution. The strengths or weaknesses of Plaintiff's claims are not the subject of this motion and thus, are not discussed here."). The Court would disagree that *Katzberg* does not foreclose money damages in this case and Plaintiff's failure to adequately argue certainly does not sway the Court otherwise.

[8] County Defendants argue in the alternative that Cal. Gov't Code §§ 815.2(b), 820.8, and 821.6, provide immunity for Plaintiff's California Constitution claims. See MTD at 6-7. Because the Court would dismiss without leave to amend, the Court need not address this alternative argument in any detail but will note that immunity under those provisions of the California Government Code would likely require the resolution of some factual matters and thus would not be appropriate at this stage of the proceedings. *See, e.g.*, Cal. Gov't Code § 821.6 (providing immunity only for acts done within the scope of employment).

by Plaintiff are inadequate to support this legal theory. But the Court would not find that it fails as a matter of law such that Plaintiff could not plead a 42 U.S.C. § 1983 cause of action based on the misconduct she alleges was committed by Licona. *See, e.g.*, *Benigni v. City of Hemet*, 879 F.2d 473, 478 (9th Cir. 1988) (evidence that officers' excessive and unreasonable conduct intentionally directed toward plaintiff to force his business to close was adequate to establish due process claim).

Turning now to the FAC's factual allegations, the Court would find inadequate facts to support Plaintiff's cause of action. Plaintiff argues that Licona deprived her of her property interest in her home by "hijack[ing] the unlawful detainer process by evicting Plaintiff without a court order." Opp'n to MTD at 5. That is, Plaintiff alleges that by serving Plaintiff with an emergency protective order and ordering her to stay away from the residence or face arrest, Licona "evicted" Plaintiff. Under California's Domestic Violence Prevention Act ("DVPA"),[9] a judicial officer may issue an ex parte emergency protective order "where a law enforcement officer asserts reasonable grounds to believe that a person is in immediate and present danger of domestic violence, based on the person's allegation of a recent incident of abuse or threat of abuse by the person against whom the order is sought." Cal. Fam. Code § 6250(a). Consistent with the exigencies with which these orders are sought and obtained, the DVPA mandates that "[t]he presiding judge of the superior court in each county shall designate at least one judge, commissioner, or referee to be reasonably available to issue orally, by telephone or otherwise, emergency protective orders at all times whether or not the court is in session." Cal. Fam. Code § 6241. These orders are not permanent and in no case may last for more than one week. *See* Cal. Fam. Code § 6256. The DVPA provides specific civil immunity to officers that enforce an emergency protective order - "a law enforcement officer *who acts in good faith* to enforce an emergency protective order is not civilly or criminally liable." Cal. Fam. Code § 6272(a) (emphasis added).

Plaintiff alleges that Licona violated her due process rights by providing her an emergency protective order that was "invalid as a matter of law" because it was unsigned. *See* Opp'n to MTD at 7; *see also* FAC ¶ 25 ("Plaintiff did not see any signature of a judicial officer on the Protective Order."). Given that the DVPA specifically permits the issuance of an oral

---

[9] The stated purpose of the DVPA is "to prevent acts of domestic violence, abuse, and sexual abuse and to provide for a separation of the persons involved in the domestic violence for a period sufficient to enable these persons to seek a resolution of the causes of the violence." *See* Cal. Fam. Code § 6220.

protective order – and moreover requires every superior court in the state to have a process in place to issue such an oral order – the fact that the order allegedly provided to Plaintiff did not have a signature would not, in and of itself, make it invalid as a matter of law. *See* Cal. Fam. Code § 6241. Furthermore by statute an emergency protective order cannot be permanent and in no case may last for more than one week. *See* Cal. Fam. Code § 6256. Yet Plaintiff seems to allege that the emergency protective order issued to her caused her to be permanently removed from her home. If Plaintiff's cause of action is as the Court infers, additional factual delineation would be necessary in her pleading to state a cognizable claim. *See Twombly*, 550 U.S. at 555. The Court would thus dismiss Plaintiff's second cause of action in as much as it attempts to allege a violation of the Fourteenth Amendment of the United States Constitution, but would permit leave to amend.

### 3. Alleged Failure to Intervene

Plaintiff's third cause of action alleges that McDonnell, Jensen, and Ortega failed to "intervene and prevent" Licona's violation of Plaintiff's due process rights. FAC ¶ 55. As stated above, Plaintiff has failed to adequately plead that Licona did, in fact, violate her due process rights. As such, her allegation of a failure to intervene must necessarily fail as well. The Court would thus dismiss the third cause of action with leave to amend.

The Court would additionally note that Plaintiff has alleged no facts to suggest that McDonnell, Jensen, or Ortega was aware of the alleged unlawful eviction in advance or at the time it occurred. To the extent that Plaintiff would allege that those defendants ought to have prevented the eviction, Plaintiff's FAC fails to plead adequate facts to support that theory. Finally, Plaintiff contends that OCC and Wickham "failed to adequately conduct an investigation of the egregious acts committed by the other defendants." *Id.* ¶ 57. Yet Plaintiff has pleaded no facts to suggest that either the OCC or Wickham were aware of alleged unlawful eviction or otherwise had some duty to investigate.

### 4. Conspiracy to Violate Due Process Rights

In her fourth cause of action, Plaintiff alleges that Licona and Ybarra conspired to violate her right to due process. As Plaintiff has failed to adequately plead a violation of her due process rights, the Court would dismiss this cause action as well. However, Plaintiff's factual allegations, or lackthereof, warrant brief discussion. Plaintiff alleges that Licona and Ybarra:

> expressly and impliedly agreed that they would unlawfully evict

10

> Plaintiff from her residence, fabricate the reasons for the emergency protective order, and Licona, using his title as deputy sheriff would enforce the bogus unsigned emergency protective order to prevent Plaintiff from re-entering her residence and arrest Plaintiff as she tried to enter. All of this was done for the malicious and unlawful purpose of violating Plaintiff's civil rights and of unlawfully inflicting punishment on Plaintiff. Furthermore, said defendants expressly and impliedly agreed that they would offer false accounts of the incident, knowing that disclosing the actual reasons for Plaintiff's unlawful removal of her residence would have resulted in the disciplining of defendant Licona.

FAC ¶ 63. Plaintiff pleads one fact that she contends supports the existence of this conspiracy - "Ybarra informed Plaintiff that defendant Licona knew his son." *Id.* ¶ 28. From that, Plaintiff concludes "defendant Licona knew defendant Ybarra's son so they had an existing relationship outside the facts described herein. In other words, defendant Licona was an interested party because of his prior existing relationship with defendant Ybarra's family." *Id.* ¶ 64.

The Court's most generous reading of the facts alleged in the FAC would suggest nothing more than "the mere possibility of misconduct" and as such Plaintiff has not shown she is entitled to relief. *See Iqbal*, 556 U.S. at 679. Plaintiff argues that the claim should not be dismissed because defendants Licona and Ybarra "are in better position to disclose the facts regarding the actual planning and mechanics of the conspiracy." Opp'n to MTD at 8. Plaintiff suggests that the Court should permit the matter to proceed as "[d]iscovery will provide the evidence, or lack thereof, to support this claim." *Id.* To ignore Plaintiff's utter failure to plead facts to support the existence of a conspiracy and instead permit the matter to proceed on a fishing expedition in search of facts to support the cause of action would fly in the face of Rule 12(b)(6) and the Supreme Court's holdings in *Iqbal* and *Twombly*. The Court would dismiss with leave to amend, but will caution Plaintiff that it will expect factual support greater than "Licona knew defendant Ybarra's son" before it would find the conspiracy claim to be well-pleaded.

**IV. Conclusion**

Based on the foregoing discussion, the Court would deny the Motion to Remand. The Court would grant the Motion to Dismiss and permit Plaintiff leave to amend consistent with the Court's analysis herein.